UNITED STATES of America,
Appellee,

v.

Ryan J. LEWIS, Rafael Jimenez,[2]
Defendants–Appellants.

Docket No. 04–3731CR.

United States Court of Appeals,
Second Circuit.

July 13, 2005.

---

2. The Clerk is directed to change the spelling of Jimenez's name on the official caption from "Jiminez" to "Jimenez," which represents the proper spelling of his name.

**132**

Stephen A. Miller, Assistant United States Attorney (David N. Kelley, United States Attorney for the Southern District of New York & Andrew L. Fish, Assistant United States Attorney, on the brief), New York, New York, for Respondent.

Present: WESLEY, HALL, Circuit Judges, and SCULLIN, Jr., Chief District Judge.[1]

## SUMMARY ORDER

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, Foley Square, in the City of New York, on the 13th day of July, two thousand and five.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of conviction is affirmed and that the case is remanded to the district court pursuant to *United States v. Crosby*, 397 F.3d 103 (2d Cir.2005), for a determination of whether to resentence Jimenez.

Familiarity by the parties is assumed as to the facts, the procedural context, and the specification of appellate issues. Defendant Rafael Jimenez appeals from a judgment of conviction entered in the United States District Court for the Southern District of New York (Hellerstein, J.). The judgment was entered upon a jury verdict finding Jimenez guilty on one count of conspiracy to distribute and possess with intent to distribute cocaine and one count of possessing with intent to distribute more than 500 grams of cocaine. [Red 2] Jimenez's codefendant and other members of the conspiracy pled guilty prior to trial. [Red 2 n.*]. The government tried the case on the theory that Jimenez had

---

**1.** The Honorable Frederick J. Scullin, Jr., Chief Judge, United States District Court, Northern District of New York, sitting by designation.

participated in a scheme to distribute one kilogram of cocaine in New York City and that Jimenez served as the partner of Mark Seid in the scheme along with Ryan J. Lewis. The buyer was a confidential informant ("CI"). [Red 3].

The evidence at trial included testimony from Lewis—who cooperated in exchange for a 5K1.1 letter from the government—testimony from a Special Agent participating in the investigation and arrest of the conspirators, physical evidence seized at the time of arrest that included the drugs at issue and prepaid cell phones, and recordings of telephone conversations and discussions of the CI with Lewis. [Red 4]. In addition, a portion of the colloquy taken at Seid's plea allocution was offered for the limited purpose of establishing the existence of a conspiracy to distribute the cocaine. Jimenez objected to use of Seid's plea allocution on Sixth Amendment grounds. The district court sentenced Jimenez principally to 70 months' imprisonment based in part upon a determination that Jimenez fell within Criminal History Category II for the purposes of the United States Sentencing Guidelines Sentencing Chart.

On appeal, Jimenez contends that (1) the admission of Seid's plea allocution violated Jimenez's rights under the Confrontation Clause in light of *Crawford v. Washington*, 541 U.S. 36, 61–62, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004); (2) Judge Hellerstein's questioning witnesses in a manner prejudicial to Jimenez denied him a fair trial; (3) mandatory application of the Guidelines violated his Sixth Amendment rights; and (4)(a) he was entitled to a minor/minimal role reduction for his role in the conspiracy under U.S.S.G. § 3B1.2(a-b) and (4)(b) the district court erred in concluding that he had a Criminal History in Category II within the meaning of the Guidelines. For the reasons stated below, all of Jiminez's claims are without merit, except for his complaint concerning the mandatory application of the Guidelines.

■ The government concedes that introduction of portions of Seid's testimony violated *Crawford*. However, that error was harmless beyond a reasonable doubt. *See United States v. McClain*, 377 F.3d 219, 222 (2d Cir.2004). During its opening, the government made no reference to Seid's plea. The plea allocution, which was redacted to remove references to Jimenez, was offered to prove *the existence* of a conspiracy to distribute the kilogram of cocaine, not to prove that Jimenez was a member of the conspiracy. [Tr. 380–86]. Prior to admitting the testimony, the court gave a limiting instruction, informing the jury that they could not use the statement as evidence that Jimenez was a member of the conspiracy. [Tr. 380–81]. Further, in its closing, the government explicitly emphasized that Seid's statement could not be used to find that Jimenez was a member of the conspiracy. [Tr. 464–65]. The court also provided limiting instructions in its jury charge. Excluding Seid's allocution, the evidence of the existence of the conspiracy and Jimenez's guilt was overwhelming and came from several sources, including (a) extensive, damaging testimony by Lewis, a coconspirator subject to cross examination at trial; (b) physical evidence seized at Jimenez's arrest, including several prepaid cell phones and large amounts of cash; (c) Jimenez's statement to the FBI that the car used to transport the drugs belonged to his friend Pazos; and (d) taped conversations between the CI and Lewis referring to Lewis's friends. In light of this evidence, we find the *Crawford* error harmless beyond a reasonable doubt.

Jimenez's claim that the trial court deprived him of a fair trial by engaging in

**134**

"damaging" questioning of witnesses is completely without merit. Initially, we note Jimenez failed to make this claim below. Thus, we review for plain error. Under Federal Rule of Evidence 611(a), trial judges are given broad discretion to manage trials in order to provide for effective presentation of evidence. Thus, judges in this circuit "may actively participate [in trial] and give [their] own impressions of the evidence or question witnesses, as an aid to the jury, so long as [they] do[ ] not step across the line and become an advocate for one side." *United States v. Filani*, 74 F.3d 378, 385 (2d Cir. 1996). A defendant's right to a fair trial is wrongly infringed upon when a judge's questions and comments convey the judge's impressions or partiality to the jury. *Id.* Here, Jimenez complains of two instances of questioning in a 500-page transcript. Upon closer review, however, the questions merely show the judge's attempt to elicit facts highly relevant to the crimes charged in an objective fashion. [Tr. 91-93; A 182]. That type of questioning was completely appropriate. There was no error here.

█ Jimenez is correct that the mandatory application of the Guidelines violated his Sixth Amendment rights. *See generally United States v. Booker*, — U.S. —, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). Because he failed to raise this complaint to the district court, the appropriate remedy is to remand this matter to the district court for the limited purpose of determining whether to resentence. *See generally Crosby*, 397 F.3d 103 (2d Cir.2005).

Finally, because it may aid the parties on the *Crosby* remand, *see United States v. Rubenstein*, 403 F.3d 93, 98-99 (2d Cir. 2005) (considering Guidelines determinations because calculations could have appreciable effect on *Crosby* remand), we note that defendant's challenge to the two-level criminal history enhancement for commission of the underlying offense while subject to a "criminal justice sentence," U.S.S.G. § 4A1.1(d), is completely without merit. Also, the district court did not err in finding Jimenez was not a minor/minimal participant in the conspiracy under U.S.S.G. § 3B1.2(a-b).

Accordingly, the judgment of conviction is AFFIRMED as to both counts but the case is REMANDED pursuant to *United States v. Crosby* for determination of whether to resentence Jimenez.